IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware corporation, et. al. | : |
| Plaintiffs, | : |
| v. | : 1:04-cv-170 (WLS) |
| DON BRITT, | : |
| Defendant. | : |

## ORDER

Before the Court are Plaintiffs' Motion for Extension of Time (Doc. 21) and Plaintiffs' Motion to Compel. For the following reason, Plaintiffs' Motion for Extension of Time (Doc. 21) is **GRANTED**; and Plaintiffs' Motion to Compel (Doc. 23) is **GRANTED**.[1]

## DISCUSSION

Plaintiffs move the Court to compel Defendant to provide answers to the interrogatories and document requests served on him by Plaintiff on August 1, 2005. (Doc. 23). Plaintiffs also move the Court to deem the unanswered requests as admissions. *Id*.

Plaintiffs filed the instant action against Defendant for damages and injunctive relief under the Copyright Act, 17 U.S.C. § 201, *et. seq.*, for Defendant's alleged use of an online media distribution system to download copyrighted recordings and to make the same recordings available for distribution to others online. (Docs. 1, 23). Defendant answered the Complaint on March 30, 2005. (Doc. 6). Thereafter, on July 6, 2005, Plaintiffs served their "First Set of Interrogatories" and their "First Set of Requests for Production of Documents" to Defendant.

---

[1] Having considered Plaintiffs' Motion for Extension of Time, and for good cause shown, the Court **GRANTS** Plaintiffs' Motion for Extension of Time. (Doc. 21). Upon further review of the docket, the Court notes that Plaintiffs submitted a memorandum in support of a motion to compel discovery contemporaneously with the instant motion for extension of time. (*See* Doc. 23) The Court notes the same to have been improperly filed before the Court issued its ruling on the instant motion and cautions the parties from presumptively filing such motions in the future. However, in the interest of judicial economy, the Court will consider Plaintiff's Motion to Compel (Doc. 23) as if it had been properly filed.

1

(*See* Doc. 23, Exhs. 2, 3).  Later, on August 1, 2005, Plaintiffs served their "First Set of Requests for Admission" on Defendant.  (*See* Doc. 23, Exh. 4).   Defendant's responses to Plaintiffs' interrogatories and requests for productions of documents were due on August 29, 2005.  (*See supra* Doc. 23, Exhs. 2, 3).  Defendant's responses to Plaintiff's requests for admission were due on September 5, 2005.  (*See supra* Doc. 23, Exh. 4).  Defendant has not responded to any of the aforementioned discovery requests.  (*See generally* Doc. 23).  Plaintiffs have attached to the instant motion a certification that they have attempted to confer with Defendant in an effort to secure the subject discovery material without court action.  (Doc. 23; *see also* Fed. R. Civ. P. 37(a)(2)).

       The Court notes that while Defendant proceeds *pro se* in the above-captioned action, the same does not excuse him from proper compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.  McNeil v. U.S., 508 U.S. 106, 1993 (1993); *see also* Members v. Paige, 140 F.3d 699, 702 (7th Cir. 1998); Nielsen v. Price, 17 F.3d 1276 (10th Cir. 1994).  Fed. R. Civ. P. 33(b) requires a party upon whom a written interrogatory is served, such as Defendant, to serve a copy of his answers or objections thereto to within thirty (30) days of service.  Failure to do so may result in a waiver of any objections.  *See, e.g.*, RDM Holdings v. Equitex, 277 B.R. 415, 424 (N.D. Ga. Bankr. 2002).  Fed. R. Civ. P. 34(b) similarly requires a party upon whom a request for production of documents is served, such as Defendant, to serve a written response within thirty (30) days after the service of the request.  *See* RDM Holdings, 277 B.R. at 424.  As to requests for admission, Fed. R. Civ. P. 36(a) holds that any matter of which an admission is requested that is not answered or objected to within thirty (30) days, is deemed admitted.  *See, e.g.*, Blue Seas Music v. Fitness Surveys, Inc., 831 F.Supp. 863, 864 (N.D. Ga. 1993).

       Upon review of the record, the Court finds that Plaintiffs properly served Defendant with the interrogatories, requests for production, and request for admission that are the subject of the instant motion to compel.  The Court further finds that Defendant did not respond to any of the above mentioned discovery requests and did not file objections.  Moreover, the Court finds that Plaintiffs properly certified that they attempted to confer with Defendant in an effort

to secure the aforementioned discovery materials without court action.  Therefore, the Court **GRANTS** Plaintiffs' Motion to Compel. (Doc. 23).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Extension of Time (Doc. 21) is **GRANTED**; and Plaintiffs' Motion to Compel (Doc. 23) is **GRANTED**.  Accordingly, Defendant is **ORDERED** to:

1) Serve Plaintiffs with answers to Plaintiffs' "First Set of Interrogatories" without objection or resort to privilege **within thirty (30) days of this Order**;

2) Serve Plaintiffs with answers to Plaintiffs' "First Set of Requests for Production of Documents" without objection or resort to privilege **within thirty (30) days of this Order**; and

3) Serve Plaintiffs with answers to Plaintiffs' "First Set of Requests for Admission" without objection or resort to privilege **within thirty (30) days of this Order**. If Defendant fails to serve Plaintiffs within the specified time period, the requests for admission contained within Plaintiff's "First Set of Requests for Admission" (Doc. 23, Exh. 4) will be deemed admitted pursuant to Fed. R. Civ. P. 36(a).

**SO ORDERED**, this   17th   day of April, 2006.

    /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**